IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-42738-TLS |
| | ) | |
| MATTHEW JOHN REISDORFF and | ) | CH. 7 |
| CHERYL ANNE COCHRAN, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on November 17, 2010, on an objection to exemptions filed by the Chapter 7 trustee (Fil. #12), and a resistance filed by Debtors (Fil. #18). Dana M. London appeared for Debtors, and Joseph H. Badami appeared as the Chapter 7 trustee. Evidence was offered and received, and this matter was taken under advisement.

As discussed below, the trustee's objection is denied.

Debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. On Schedule B, Debtors list joint ownership of a 2007 Jeep Liberty which they value at $9,175.00. On Schedule C, Debtors claim the value of the Jeep to be fully exempt, asserting exemptions in the amount of $4,300.00 under Neb. Rev. Stat. § 25-1556(4) and $4,875.00 under Neb. Rev. Stat. § 25-1552.

The trustee does not object to the exemption value under the "wild card" exemption of Section 25-1552. However, he asserts that the exemption claim under Section 25-1556(4) exceeds the amount available to Debtors. Specifically, the trustee argues that the exemption is limited to $2,400.00 in total for both Debtors, and that Debtors cannot each claim an exemption of up to $2,400.00 in the same vehicle.

Neb. Rev. Stat. § 25-1556 provides in relevant part:

> No property hereinafter mentioned shall be liable to attachment, execution, or sale on any final process issued from any court in this state, against any person being a resident of this state: . . .; (4) the debtor's interest, not to exceed an aggregate fair market value of two thousand four hundred dollars, in implements, tools, or professional books or supplies held for use in the principal trade or business of such debtor or his or her family, which may include one motor vehicle used by the debtor in connection with his or her principal trade or business or to commute to and from his or her principal place of trade or business[.]

Debtors assert that each of them may exempt up to $2,400.00 of value in the Jeep as a tool of the trade. In support, Debtors submitted affidavits (Fil. #22 and Fil. #24) stating that they regularly use the Jeep to commute to and from each of their principal places of employment. The affidavits further indicate that Debtors are joint title owners of the Jeep.

The trustee acknowledges that both debtors in a joint case are entitled to the "wild card" exemption under Neb. Rev. Stat. § 25-1552, but that only one debtor may claim the tool-of-trade exemption in the same vehicle. The trustee indicated at the hearing that the basis for such disparate treatment is the language of the two statutes. Section 25-1552 clearly provides that it is available to each debtor ("[e]ach natural person residing in this state shall have exempt from forced sale on execution the sum of two thousand five hundred dollars in personal property, except wages."). Section 25-1556(4), according to the trustee, is written in the singular ("the debtor's interest," "one motor vehicle used by the debtor.").

I believe the trustee is reading Section 25-1556 too narrowly. First, the initial clause of the statute exempts the described property from attachment "*against any person* being a resident of this state . . ." (emphasis added). That language is very similar to the initial clause of Section 25-1552 making it applicable to "each natural person. . . ." Section 25-1556(4) clearly provides for the exemption of the "debtor's interest" not to exceed a fair market value of $2,400.00 in "one motor vehicle used by the debtor . . . to commute to and from his or her principal place of trade or business[.]" Thus, under the statute, each person being a resident of the state is entitled to the exemption under Section 25-1556(4) in one motor vehicle used to commute to and from work. *See In re Dempsey*, No. BK00-41987, 2001 Bankr. LEXIS 2129 (Bankr. D. Neb. Feb. 1, 2001).

The undisputed evidence is that both Debtors use the subject vehicle to commute to and from work. Debtors jointly own the vehicle, therefore, this is not a situation where a non-owner is attempting to claim an exemption under Section 25-1556(4) in a vehicle wholly owned by the joint Debtors. *See In re Miller*, 255 B.R. 221 (Bankr. D. Neb. 2000).

IT IS, THEREFORE, ORDERED that the Chapter 7 trustee's objection to exemptions (Fil. #12) is denied.

DATED: November 23, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Dana M. London
    *Joseph H. Badami
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.